IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TANEAL RACHAE SUTHERLAND,<br><br>Defendant. | CR 24-21-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.  Synopsis

Defendant Taneal Rachae Sutherland (Sutherland)  has been accused of violating the conditions of her supervised release. (Docs. 34, 37, 44 and 46). Sutherland admitted the alleged violations.  Sutherland's supervised release should be revoked.  Sutherland shall be sentenced to custody for  5 months, with 31 months of supervised release to follow.  During the first sixty days of supervised release, Sutherland shall be placed in a secure in-patient substance abuse treatment facility.  Upon completion of substance abuse treatment, Sutherland shall be placed in a residential re-entry center for a period of up to 180 days at the direction of her probation officer.

## II. Status

On May 18, 2024, Sutherland plead guilty to the offense of Assault With Intent to Commit Any Felony, in violation of 18 U.S.C. §§ 1153(a) and 113 (a)(2)) as charged in Count 2 of the Indictment. (Doc. 20). The Court sentenced Sutherland to 13 months of custody followed by 3 years of supervised release. (Doc.29). Sutherland's current term of supervised release began on March 5, 2026.

### Petition

On May 13, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Sutherland's supervised release. (Doc. 34). The Petition alleged that Sutherland had violated the conditions of her supervised release by: (1) consuming alcohol on May 1, 2026; (2) engaging in gambling on May 1, 2026; (3) admitting on May 4, 2026, to engaging in an ongoing relationship with Danielle Blackdog, a convicted felon, without the permission of her probation officer; and (4) continuously committing alcohol between May 1, 2026, and May 3, 2026.

### Amended Petition

On May 22, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Sutherland's supervised release. (Doc. 37). The Amended Petition alleged that Sutherland had additionally violated the

2

conditions of her supervised release by: (5) failing to comply with substance abuse testing on May 20, 2026; and (6) admitting to using methamphetamine on May 20, 2026.

**Initial appearance**

Sutherland appeared before the Court on May 26, 2026. Sutherland was represented by counsel. Sutherland stated that she had read the Amended Petition and that she understood the allegations against her. Sutherland waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 26, 2026. Sutherland admitted that she had violated the conditions of his supervised release as set forth in the Amended Petition. The Court held sentencing in abeyance until September 15, 2026 at 10:30 a.m.

**Second Amended Petition**

On June 8, 206, the United States Probation Office filed a Second Amended Petition requesting that the Court revoke Sutherland's supervised release. (Doc. 44). The Second Amended Petition alleged that Sutherland had additionally violated the

conditions of her supervised release by: (7) providing a dilute urinalysis test on May 26, 2026; and (8) consuming alcohol on June 4, 2026.

**Third Amended Petition**

On June 10, 2026, the United States Probation Office filed a Third Amended Petition requesting that the Court revoke Sutherland's supervised release. (Doc. 46). The Third Amended Petition alleged that Sutherland had additionally violated the conditions of her supervised release by: (9) communicating with Danielle Blackdog, a convicted felon, on June 9 and June 10, 2026, without the permission of her probation officer.

**Second Initial appearance**

Sutherland appeared before the Court on June 23, 2026. Sutherland was represented by counsel. Sutherland stated that she had read the Third Amended Petition and that she understood the allegations against her. Sutherland waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation hearing**

The Court conducted a revocation hearing on June 23, 2026. The Court noted Sutherland had previously admitted that she had violated the conditions of his supervised release as set forth as allegations 1-6 in the Third Amended Petition.

Sutherland then admitted that she had violated the conditions of her supervised release as set forth in allegations 7-9 of the Third Amended Petition. Sutherland's admitted violations, 1-9, are serious and warrant revocation of her supervised release.

**Sentencing Hearing**

Sutherland appeared before the Court on June 23, 2026. Sutherland's violations are Grade C. Her criminal history category is III. Sutherland's underlying offense is a Class C felony. Sutherland could be incarcerated for up to 24 months. Sutherland could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Sutherland's supervised release should be revoked. Sutherland shall be sentenced to custody for 5 months, with 31 months of supervised release to follow. During the first sixty days of supervised release, Sutherland shall be placed in a secure in-patient substance abuse treatment facility. Upon completion of substance abuse treatment, Sutherland shall be placed in a residential re-entry center for a period of up to 180 days at the direction of her probation officer. This sentence is sufficient but not greater than necessary.

## IV.  Conclusion

The Court informed Sutherland that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Sutherland of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Sutherland that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That TANEAL RACHAE SUTHERLAND has violated the conditions of  her supervised release by: (1) consuming alcohol on May 1, 2026; (2) engaging in gambling on May 1, 2026; (3) admitting on May 4, 2026, to engaging in an ongoing relationship with Danielle Blackdog, a known felon, without the permission of her probation officer;  (4) continuously  committing  alcohol between May 1, 2026, and May 3, 2026; (5) failing to comply with substance abuse testing on May 20, 2026; (6) admitting to using methamphetamine on May 20, 2025: (7) providing a dilute urinalysis test on May 26, 2026; (8) consuming alcohol on June 4, 2026; and (9) communicating with Danielle Blackdog, a convicted felon, on June 9 and June 10, 2026, without the permission of her probation officer.

The Court **RECOMMENDS**:

That the District Court sentence Sutherland to custody for  5 months, with 31 months of supervised release to follow.  During the first sixty days of supervised release, Sutherland shall be placed in a secure in-patient substance abuse treatment facility.  Upon completion of substance abuse treatment, Sutherland shall be placed in a residential

6

re-entry center for a period of up to 180 days at the direction of her probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 23rd day of June 2026.

John Johnston
United States Magistrate Judge